Matter of Lillian G. (Steven G.--Gary G.) (2022 NY Slip Op 05087)

Matter of Lillian G. (Steven G.--Gary G.)

2022 NY Slip Op 05087

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2020-09309
2021-05546
 (Index No. 100321/16)

[*1]In the Matter of Lillian G. (Anonymous). Steven G. (Anonymous), petitioner-respondent; Gary G. (Anonymous), appellant; Judy Mock, etc., et al., respondents.

Gitlin, Horn & Van De Kieft, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Armstrong & Lamberti, PLLC, Staten Island, NY (Anthony J. Lamberti of counsel), for petitioner-respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Gary G. appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 18, 2020, and (2) a judgment of the same court dated July 14, 2021. The order, insofar as appealed from, granted that branch of the motion of the guardian of the property of Lillian G., Judy Mock, which was to judicially settle and approve her final account, and granted the petitioner's cross motion to direct Judy Mock to pay to him the sum of $255,000 from the guardianship estate. The judgment, insofar as appealed from, upon the order dated November 18, 2020, directed Judy Mock to pay to the petitioner the sum of $255,000 from the guardianship estate, and judicially settled and approved her final account.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is modified, on the law, without costs or disbursements, by deleting the provision thereof directing the guardian of the property of Lillian G., Judy Mock, to pay to the petitioner the sum of $255,000 from the guardianship estate; as so modified, the judgment is affirmed insofar as appealed from, the petitioner's cross motion to direct Judy Mock to pay to him the sum of $255,000 from the guardianship estate is denied, and the order is modified accordingly.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In October 2016, the petitioner commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Lillian G. (hereinafter Lillian), his mother, an alleged incapacitated person. At the time that the proceeding was [*2]commenced, the petitioner's brother, Gary G. (hereinafter Gary), had been managing Lillian's affairs and had borrowed money from her accounts for his personal use. The Supreme Court found that Lillian was an incapacitated person and appointed Judy Mock as the guardian of her person and property. Pursuant to a stipulation dated April 4, 2017, the petitioner and Gary agreed that Mock would be the guardian of Lillian's property and that the petitioner and Gary would serve as co-guardians of the person of Lillian. The stipulation further provided, among other things, that Gary would provide documentation to substantiate that he returned the sums of $100,000, $77,586.26, and $77,591 to Lillian's accounts. These same provisions of the stipulation were also set forth in an order and judgment dated June 19, 2017.
In an order dated March 12, 2018, the Supreme Court removed Gary as co-guardian of the person of Lillian for failing to comply with the stipulation and the order and judgment dated June 19, 2017. The court also provided that if Gary did not comply with the directive to provide documentation that he had returned the borrowed funds to Lillian's accounts, any sum not returned would be assessed against Gary's 50% share, as beneficiary, in Lillian's remaining funds at the conclusion of the guardianship.
Lillian died on June 8, 2018. The petitioner and Gary were appointed as co-executors of Lillian's estate. Mock moved, inter alia, to judicially settle and approve her final account as guardian of Lillian's property, to fix and award her commission, legal fees, and disbursements, to authorize the transmittal of funds to Lillian's estate, and to be discharged as the guardian of Lillian's property. The petitioner cross-moved to direct Mock to pay to him the sum of $255,000 as an assessment against Gary in accordance with the order dated March 12, 2018. In an order dated November 18, 2020, the Supreme Court, among other things, granted Mock's motion and the petitioner's cross motion. In a judgment dated July 14, 2021, the court, inter alia, directed Mock to pay to the petitioner the sum of $255,000 from the guardianship estate and judicially settled and approved her final account. Gary appeals.
Mock's authority as the guardian of Lillian's property expired with Lillian's death (see Mental Hygiene Law § 81.36[a][3]; Matter of Shannon, 25 NY3d 345, 350), "and the property in the guardianship account that remained after the fees of the guardianship were paid would normally have passed to her estate" (Matter of Shannon, 25 NY3d at 350; see SCPA 103[19]). Mental Hygiene Law § 81.44(e) allows a guardian to retain, "pending the settlement of the guardian's final account, guardianship property equal in value to the claim for administrative costs, liens and debts." The legislature intended to allow guardians "a reserve to cover reasonably anticipated administrative expenses," but did not intend to allow guardians "to retain funds following the death of an incapacitated person for the purpose of paying a claim" (Matter of Shannon, 25 NY3d at 353 [emphasis in original]). Inasmuch as the $255,000 sought by the petitioner is unrelated to the administration of Lillian's guardianship, Mock lacked the authority to make payment to the petitioner from the guardianship estate (see id. at 353; Matter of Treasure, 161 AD3d 547, 547-548). Accordingly, the Supreme Court erred in granting the petitioner's cross motion and in directing Mock to pay the petitioner the sum of $255,000 from the guardianship estate.
In light of our determination, we need not reach Gary's further contention concerning the sum of $255,000 awarded to the petitioner. Gary's remaining contentions are not properly before this Court.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court